UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS EDWARD FRASER,

        Plaintiff,

v.                                    Case No. 11-10585
                                    Honorable Denise Page Hood

LAW OFFICES OF PARKER AND PARKER,
ROBERT E. PARKER, TARA BLACK, and
SHANA ADKINS,

        Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES AND DEEMING
PLAINTIFF'S MOTION TO COMPEL MOOT**

**I.**     **INTRODUCTION**

       This matter is before the Court on Defendants' Motion for Summary Judgment **[Docket No.12 filed on April 8, 2011]**, Defendants' Motion for Attorney Fees **[Docket No.13 filed on April 8, 2011]**, and Plaintiff's Motion to Compel **[Docket No. 23, filed August 14, 2011]**. Plaintiff filed a response on April 27, 2011 **[Docket No. 18 and Docket No. 19]**. On May 20, 2011, this Court entered an Order for Submission and Determination of Motion for Summary Judgment and Motion for Attorney Fees without Oral Hearing. **[Docket No. 22]**.

**II.**     **STATEMENT OF FACTS**

       On February 14, 2009, Plaintiff initiated this action against Defendants Law Firm of Parker and Parker, Robert Parker, Tara Black, and Shana Adkins. Plaintiff brings a number of claims: Count I probate fraud, conspiracy to commit fraud, fraud, and extortion as to Defendants Robert E. Parker, the Law Firm of Parker and Parker and Shana Adkins; Count II probate fraud,

extortion, and embezzlement as to all Defendants; Count III abuse of legal process to commit fraud, extortion, embezzlement, unlawful arrest and intentional infliction of emotional distress as to Defendants Law Firm of Parker and Parker, Tara Black and Shana Adkins; and Count IV conspiracy to commit fraud, fraud, extortion, unlawful arrest, false imprisonment and malicious prosecution as to Defendants Law Firm of Parker and Parker, Tara Black and Shana Adkins.

The matter arises from disputes and legal actions regarding the estate of Plaintiff's deceased mother, Joyce Fraser.  On July 2, 2005, Joyce Fraser died of natural causes.  Plaintiff and his sister, Cherlynn T. Bennet, were appointed co-personal representatives of the Estate of Joyce V. Fraser.  *Fraser v. Livingston County*, 09-cv-14906 (E.D. Mich. Mar. 25, 2011).  Approximately eight months later, Cherlynn T. Bennet and Plaintiff executed a purchase agreement with Dana Bennet in order to sell decedent's property located in Dearborn Heights, Michigan.  *Id.*  On May 21, 2006, before closing on the property, Cherlynn T. Bennet died in a motorcycle accident.  Cherlynn T. Bennett's only devisee was her daughter Shana D. Adkins.  On June 30, 2006, Plaintiff completed the sale of the home of Joyce V. Fraser for $103,523.74.  *Id.* at 2.  After paying various debts, Vanguard Title Insurance Agency distributed the balance of the estate of Joyce Fraser to Plaintiff.  Plaintiff then deposited the sale proceeds into a checking account at SunTrust Bank in Homosassa, Florida in the name of Joyce Fraser.  *Id.* at 2.

Defendant Adkins claimed that, as sole devisee of Cherlynn Bennett, she was entitled to one-half of the sale proceeds from the home of Joyce V. Fraser, in the amount of $48,275.69.  Originally, Plaintiff claimed that Shana Adkins was not entitled to half of the estate because her mother, Cherlynn Bennet, had rented out the property before the death of Joyce V. Fraser, and withheld half of that rent revenue from Plaintiff.  Plaintiff claims that Adkins was not entitled to any part of the proceeds from the sale of the home because Joyce V. Fraser's will specifically

provided that the estate property would be held in joint tenancy.  Joint tenancy includes a right of survivorship, therefore property would exclusively belong to Plaintiff.

Defendants claim that, after closing on the property, Plaintiff misappropriated estate funds.  Plaintiff submitted a check to Defendant Adkins in the amount of $18,192.17, with a statement "itemizing reductions to the amount Cherlynn was entitled based on the assets that were part of the estate of Joyce v. Fraser."  Plaintiff alleges that on November 30, 2006, "the informally probated testate estate of Joyce V. Fraser was closed as an informal and unsupervised proceeding by the Livingston County Probate Register."  Comp. ¶ 14.

Plaintiff alleges that during January and February 2007, Defendant Adkins called him several times demanding money in excess of $35,000.  Plaintiff also alleges that, through her attorney, Defendant Adkins mailed Plaintiff a letter demanding he pay money in excess of $35,000.  Plaintiff alleges during March and April of 2007, Defendant Parker on behalf of Adkins called Plaintiff and demanded Plaintiff turnover $30,000 to the Law Offices of Parker and Parker.  Plaintiff alleges during his interactions with all Defendants Adkins and Parker, they threatened Plaintiff with legal action.

Defendant Adkins began legal proceedings in Livingston County Probate Court in an effort to collect a share of the proceeds from the sale of Joyce Fraser's home.[1]  *Id.* at 3.  At a hearing on June 27, 2007, Defendant Robert Parker attempted to reopen the estate, demanded a final account of estate assets, and attempted to get the court to appoint him as personal representative of the estate.  *See* Comp. ¶ 13.  The court ordered Plaintiff to submit a final account to Defendant Adkins.  Plaintiff submitted a final account to Defendant Adkins on June 25, 2007.  On July 17, 2007 Defendant Adkins through Defendant Parker objected to the final

---

[1] There were no other assets in the estate.

account.  The court granted the objection, reopened the estate, and removed Plaintiff as personal representative of the estate. The court appointed Richard Trost to the position.  On October 23, 2007 Plaintiff failed to attend an evidentiary hearing on the matter.  The court entered an order for dismissal of objections to the final account.  The court also ordered Plaintiff to turn over estate assets totaling $30,663.48 to personal representative Trost and to pay $5,000 to Defendant Adkins' attorneys.  The court also appointed Adkins as the new personal representative of the estate, and ordered her to close the estate.  On November 5, 2007 the Livingston County Probate Court denied Plaintiff's Motion for Summary Disposition, rejecting his entitlement to sole ownership of the estate.

Plaintiff did not comply with the October 23, 2007 Order, and the court scheduled a show cause hearing for January 15, 2008.  Plaintiff did not attend that hearing.  The court scheduled a second hearing for February 12, 2008.  Plaintiff did not attend that hearing either.  Judge Carol Hackett Garagiola issued a bench warrant for Plaintiff.

On February 29, 2008, the Livingston County Probate Court granted a Writ of Garnishment against one of Plaintiff's account.  On March 10, 2008 Defendant Black served SunTrust Bank with a signed Writ of Garnishment.  On March 12, 2008, SunTrust Bank confiscated $718.80 of Plaintiff's assets.  Plaintiff filed an objection to the Writ of Garnishment on the grounds that the Writ of Garnishment sought assets held by a third party outside the state of Michigan in violation of Michigan Complied Law § 600.411(1)(a).  The court agreed and quashed the Writ of Garnishment.  The court scheduled a third show cause hearing, in order for Plaintiff to show cause for not following the October 23, 2007 order.  The hearing was set for May 6, 2008.  Plaintiff did not appear for that hearing.  The court issued a second bench warrant against Plaintiff.  *In Re Estate of Fraser,* No. 05-08321, Probate Court for the County of

4

Livingston (May 6, 2008).

On February 12, 2008, Defendant Black, attorney for Defendant Adkins, submitted a letter to Livingston County Sheriff's Department Detective Steinaway, requesting an investigation into Plaintiff for violation of MCL § 750.176. Plaintiff alleges that in the letter, Black falsely stated the home of Joyce Fraser had been vacant since Joyce Fraser moved into a nursing home. The Livingston County Prosecutor filed an information and complaint against Plaintiff pursuant to MCL § 750.176. On May 7, 2008, The Citrus County Sheriff's Department in Florida arrested Plaintiff in Homosacca, Florida. On May 14, 2007, Plaintiff signed a waiver of extradition and was released. On May 23, 2008, Plaintiff was arraigned on charges of embezzlement by administrator, executor, or guardian. Plaintiff was released and ordered to appear before the Livingston County District Court on July 2, 2008 for a preliminary hearing.

On July 2, 2008, while Plaintiff waited to appear before the Livingston County District Court a Livingston County Sheriff Deputy arrested Plaintiff pursuant to the two bench warrants previously issued against him by Judge Garagiola. Plaintiff claims he told the officer that he was waiting to appear before the Livingston County District Court regarding criminal matters and was immune from arrest. Shortly after his arrest, Plaintiff was brought before Judge Garagiola and arraigned on a charge of contempt of court. Defendants allege that at no time during that hearing did Plaintiff tell the judge his belief that he was immune from arrest. Judge Garagiola scheduled the matter for trial and released Plaintiff on a $41,000 cash bond.

On July 17, 2008, a consent order was entered whereby Plaintiff agreed to the release of the cash bond to Defendant Adkin's attorney in exchange for a withdrawal of contempt proceedings.

On August 11, 2008 the Livingston County Prosecuting Attorney failed to appear for pre-

5

trial hearings regarding the criminal charges against Plaintiff.  Trial was scheduled for November 3, 2008, but charges were dismissed *nolle prosequi*.

On August 13, 2008, Defendant Adkins attempted to close the estate of Joyce Fraser by submitting her sworn statement to close unsupervised administration, as is required by law. Plaintiff objected to the sworn statement.  On April 13, 2009, the Livingston County Probate Court denied Plaintiff's objection. *Fraser*, 09-cv-14906 at 6.  On June 9, 2009 the court entered an order for complete estate settlement.  *Id.*

On December 18, 2009, Plaintiff initiated a lawsuit against Black, Adkins, Livingston County, and Livingston County Sheriff Robert Bezotte in this Court.  Plaintiff brought a number of claims including: malicious prosecution, unlawful imprisonment, unlawful arrest, unlawful garnishment, and abuse of process.  Plaintiff also alleged various incidents of fraud and intentional infliction of emotional distress.  Defendants filed a motion to dismiss on March 1, 2010.  Defendants also filed a motion for summary judgment on March 19, 2010.  On March 25, 2011 this court granted the Defendants' motions for summary judgment and dismissal.

On February 14, 2011 Plaintiff initiated this lawsuit against the Defendants requesting they be held jointly and severally liable for actual, compensatory and special damages not less than $250,000, and for punitive damages of $250,000.  Plaintiff requests the return of the $41,000 cash bond that he turned over to the Law Offices of Parker and Parker.  Plaintiff also requests that the court expunge his record of the criminal matters related to the embezzlement of estate assets.  On April 8, 2011 Defendants filed a motion for summary judgment as well as a motion for attorney fees.  Plaintiff responded to both motions on April 27, 2011.

III.        **Applicable Law & Analysis**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be

granted if the movant shows there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(b). The Supreme Court has gone on to hold that the burden is on the moving party to show summary judgment should be granted. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Further, the court must consider evidence in the light most favorable to the nonmoving party. *Sagan v. United States*, 342 F.3d 493, 497 (6ᵗʰ Cir. 2003). Still, the Supreme Court has held that summary judgment will "be granted against a party, who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corporation v. Catrett*, 477 U.S. 317, 391 (1986). A fact is genuinely disputed only if a reasonable jury could possibly return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 248 (1986). A party cannot just allege there is a genuine dispute or no general dispute exists, they must cite to the record. Fed. R. Civ. P. 56(c).

### A. Motion for Summary Judgment

#### 1. Preclusion Doctrines

Federal courts have generally abided by the principles of res judicata. *See, e.g.*, *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata precludes a party from bringing a claim that arose out of the same cause of action on which another court has already issued a final judgment. *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876). Res judicata requires that: 1) the prior action was decided on the merits of the case; 2) the matter contested in the second case was or could have been resolved in the first; 3) both actions involved the same parties or their privies. *Limbach v. Oakland Co. Bd. of Co. Rd. Comm'rs.*, 266 Mich. App. 389, 395, 573 N.W.2d 336 (1997). In order to determine if a claim arises from the same cause of action, Michigan uses a transaction test. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 482 (1982); *Sewell v. Clean*

*Cut Management, Inc.*, 463 Mich. 569, 575 (2001). The transaction test precludes any claim that arose out of the same transaction, and could have been brought in the original action.

Plaintiff argues "Defendants' argument of res judicata fails as a general matter because there has never been any lawsuit filed in any state court by or against Plaintiff Dennis Fraser." *See* Pl.'s Objection and Response to Defs.['] Mot. for Summ. J.. Even if the matter before the Livingston County Probate Court was not initiated by a lawsuit, it was a final judgment. Further, res judicata does not require that the final judgment be in state court. Res judicata also precludes a plaintiff's claims brought in federal court. Plaintiff is precluded from bringing claims that arose out of the same transactions and could have been brought in the matters before both the Livingston Country Probate Court and this Court.

Plaintiff cites a Seventh Circuit case which states "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final." *Kenner v. C.I.R.*, 387 F.2d 689 (7th Cir. 1968). Plaintiff seems to assert the fraud exception to res judicata. The fraud exception only applies when extrinsic fraud occurs. *Sprague v. Buhagiar*, 213 Mich. App. 310, 314 (Mich. App. 1995). Extrinsic fraud is fraud "that prevents the losing party from having an adversarial trial on a significant issue." *Rogoski v. Muskegon*, 107 Mich. App. 730, 736, 309 N.W.2d 718 (Mich. App. 1981). Extrinsic fraud can be contrasted with intrinsic fraud, which is fraud within a cause of action. Perjury is an example of intrinsic fraud. *Id.* at 737. For example, in *St. John v. Richard*, the Michigan Supreme Court precluded a cause of action based on a fraudulent land contract because the merits of the land contract were already litigated, and plaintiff did not allege fraud during that first round of litigation. *St. John v. Richard*, 272 Mich. 670, 262, N.W. 437 (Mich 1939).

**2.  Count I: Probate Fraud, Conspiracy to Commit Fraud, Fraud, and Extortion**

### as to Defendants Parker, Law Firm of Parker and Parker, and Shana Adkins

Plaintiff alleges that Defendants Parker and Adkins committed acts of extortion (Comp. ¶ 42).  Plaintiff further claims those acts of extortion resulted in direct financial damage to him. *Id.*  Plaintiff alleges that during January and February of 2007, Defendants Parker and Adkins called him and sent letters threatening to reopen the estate if Plaintiff did not pay more than $35,000.  (Comp. ¶ 37-39).

MCL 750.213 defines extortion as a malicious threat to accuse another of any offense with the intent to extort money.  Defendants did not commit extortion because they threatened to file a lawsuit for which they had a legal right to file.  The Sixth Circuit has held that a threat of litigation, even if made in bad faith does not constitute extortion.  *Vemco v. Camardellea*, 23 F.3d 129, 134 (6th Cir. 1994).  In this matter, the Livingston County Probate Court held that Defendant Adkins was entitled to half of the estate.  Defendant Adkins' victory in court shows she had some legal basis to threaten a suit and eventually bring a suit.  Adkins was not attempting to extort money; she sought to claim what a court later decided legally belonged to her.  Summary judgment is granted because there is no dispute to any material fact, and viewing the evidence in the light most favorable to Plaintiff, he does not have a valid claim as a matter of law.

### 3.  Count II Probate Fraud, Extortion and Embezzlement as to all Defendants

Plaintiff claims that during the period from May 25, 2007 to June 12, 2009, Defendants committed various acts of fraud which led to a court awarding estate assets to Defendant Adkins. Comp. ¶ 49-59.  Some of these acts include lying to the court, inserting inaccurate information into court documents, and forging a court order. [2]  Plaintiff seems to claim damages solely on the

---

[2] Plaintiff claims the "smoking gun" of the case is the alleged fraudulent petition to reopen the estate of Joyce F. Fraser.  *See* Pl.['s] Mem. Against Mot. for Summ. J..

loss of estate property caused by the allegedly fraudulent proceedings.  Plaintiff had an opportunity to appeal any decision of the Livingston County Probate Court.  If Plaintiff believed that the court decided a matter incorrectly, he could have appealed.  Plaintiff did not appeal, and the Livingston County Probate Court's order is final.

The type of fraud alleged by Plaintiff did not impact his opportunity to have an adversarial trial on significant issues.  The fraud Plaintiff alleges is intrinsic and does not fall within the fraud exception of res judicata.  Plaintiff's claims under this count are precluded by res judicata.  By asking this court to make a determination that Defendants committed fraud during the course of the Livingston County Probate Court proceedings, Plaintiff is essentially asking for an appeal on a matter already decided by the Probate Court.  This Court is not a court of appeals for the state courts.  Summary judgment is granted with regard to all claims under this count because they have already been decided by the Livingston County Probate Court, and are precluded from being decided by this court as a matter of law.

> **4.  Count III Abuse of Legal Process to Commit Fraud, Extortion, Embezzlement, Unlawful Arrest and Intentional Infliction of Emotional Distress as to Defendants the Law Firm of Parker and Parker, Tara Black, and Shana Adkins.**

Plaintiff alleges that Defendants abused the legal process in a number of ways: 1) on February 12, 2008, during a hearing in Livingston County Probate Court Defendants requested Judge Garagiola issue a bench warrant for Plaintiff's arrest; 2) on February 22, 2008, Defendants requested a Writ of Garnishment against Plaintiff's assets; 3) on March 15, 2008, Defendant Black filed a false police incident report with the Livingston County Sheriff Department setting off a criminal investigation into Plaintiff.; and 4) on May 6, 2008, Defendants requested Plaintiff

be found in contempt of court or that a second bench warrant be issued.  This Court has already determined summary judgment was proper for claims of abuse of legal process relating to the writ of garnishment.[3]  The claim is therefore precluded by res judicata.  Similarly, this Court already determined summary judgment in favor of Defendants was proper for Defendant's role in the criminal investigation against Plaintiff.[4]  This claim is also precluded.  Even though Defendant Law Firm Parker and Parker were not named parties in the first suit, they would be liable in this suit only because of their relationship with other Defendants.  If the claim against Defendant Adkins and Black is precluded, the claim against the Law Firm of Parker and Parker must also be precluded.  Summary judgment is granted with regard to the Writ of Garnishment and allegations of falsifying a police report because these issues were previously decided by this Court in Case No. 2:09-cv-14906, and Defendants are entitled to judgment as a matter of law.

Defendants did not abuse the process by requesting that the court issue bench warrants because Defendants were exercising legal means to satisfy a judgment against Plaintiff. Defendants received a judgment against Plaintiff from the Livingston County Probate Court. Plaintiff did not pay that judgment, and the court held him in contempt.  MCR 3.606(A) allows a court to either order an accused person to show cause or issue a bench warrant for a contempt occurring outside the immediate view of a court.  The Livingston County Probate Court ordered multiple show cause hearings, at which the defendant did not appear.  In response, the Livingston County Probate Court issued bench warrants against Plaintiff.  Defendant Adkins received a

---

[3] This Court held that there was not an abuse of process in issuing the Writ because the Writ was requested and served for the sole purpose of collecting funds from the Plaintiff that the probate court ordered him to relinquish. *Fraser v. Livingston County*, No. 09-10585, Docket No. 41 (6th Cir. Mar. 25, 2011).

[4] This Court held that investigation of Livingston County Sheriff's Department was not based upon what Plaintiff considers false claims, but rather upon the independent investigation of the Livingston County Sherriff and Livingston County Prosecutor. *Id.*

judgment from the Livingston County Probate Court and followed legally established means to force Plaintiff to follow the order.  Summary judgment must be granted with regard to the claim that Defendants encouraged the Probate Court to issue bench warrants because there is no material dispute of fact and Defendants are entitled to judgment as a matter of law.

Plaintiff seems to argue that the February 12, 2008 bench warrant was invalid for a number of reasons including: 1) the Circuit Court-Family Division issued it instead of the Livingston County Probate Court; 2) it does not contain the seal of the court; and 3) Plaintiff was not served while he was in the state of Michigan.  Plaintiff does not allege any wrongdoing on behalf of the Defendants, only that the bench warrants issued by the court were not valid. Defendants were legally allowed to request bench warrants; any error in the administration of bench warrants is beyond the liability of Defendants.   Summary judgment is granted with regard to all claims under this count because either they have been fully litigated before or there is no dispute of material fact and Defendants are entitled to judgment as a matter of law.

> **5.  Count IV: Conspiracy to Commit Fraud, Fraud, Extortion, Unlawful Arrest, False Imprisonment and Malicious Prosecution as to Defendants the Law Firm of Parker and Parker, Tara Black and Shana Adkins**

Plaintiff alleges in Count IV numerous acts which he claims amounted to a conspiracy including: 1) the July 2, 2008 arrest of Plaintiff; 2) the July 2, 2008 hearing in front of Judge Carol Hackett Garagiola resulting in Plaintiff posting a $41,000 cash bond; and 3) the July 17, 2008 contempt of court hearing where Plaintiff signed a consent order releasing the $41,000 cash bond to Defendants.  This Court has already decided that Defendants did not procure Plaintiff's arrest and therefore Plaintiff's claim regarding conspiracy to commit unlawful arrest and subjecting Plaintiff to contempt of court are precluded.  Plaintiff's also claims he was forced

under duress to turn over the $41,000 bond.  Plaintiff was not forced to turn over the bond because if the bond wasn't returned, a court could find him in contempt.  "To raise an issue of duress, a party must allege that the person applying the coercion acted unlawfully." *Enzymes of America, Inc. v. Deloitte, Haskins & Sells*, 207 Mich.App 28, 35 (Mich. App. 1994).  Defendants did not act unlawfully. Plaintiff made a choice to satisfy the judgment against him instead of facing possible contempt if he did not do so.  Summary judgment is granted because there is no genuine issue of fact, and Plaintiff does not have a claim as a matter of law.

**B. Motion for Attorney Fees**

Defendants move the court to award attorney fees under Federal Rule of Civil Procedure 11 and MCL 600.2591.  Both rules allow courts to award costs and fees incurred by a party if a court finds a civil party acted frivolously.  Rule 11(c) requires that a party that acts frivolously be on notice of their action and given an opportunity to respond.  In the present action, Defendants did not satisfy this safe-harbor provision by notifying Plaintiff of frivolous behavior and allowing him to respond.  MCL 600.2591 does not require notice.  MCL 600.2591 defines frivolous behavior as requiring at least one of the following: 1) the party's primary purpose in initiating the action was to harass, embarrass, or injure the prevailing party; 2) the party had no reasonable basis to believe the facts underlying the party's legal position were in fact true; and 3) the party's legal position was devoid of arguable legal merit.

Defendants claim that at the time this suit began, Plaintiff knew he had filed a previous case containing the same allegations.  Although Plaintiff's claims in the present action are similar, they are not exactly the same as the claims in Case No. 2:09-cv-14906.  The claims in Case No. 2:09-cv-14906 generally arise out of the criminal proceedings filed against Defendant. The claims in the current action arise from alleged fraudulent proceedings relating to estate

13

assets.  While some of Plaintiff's claims are precluded by res judicata, that does not mean they are devoid of arguable legal merit.  "Not every error in legal analysis constitutes a frivolous position, for purposes of imposing sanctions."  *Jerico Const., Inc. v. Quadrants, Inc.*, 666 N.W.2d 310, 257 Mich. App. 22 (Mich. App. 2003).  In the current dispute, Plaintiff erred in bringing claims that arose out of the same transaction as in a case already brought before this court, but that error in legal analysis does not constitute grounds to impose sanctions. Defendants' claim for sanctions under Rule 11 of the Federal Rules of Civil Procedure and MCL 600.2591 is denied.

## IV.  Conclusion

For the reasons stated above,

**IT IS ORDERED** that Defendants' motion for Summary Judgment **[Docket No. 12 filed on April 8, 2011]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel **[Docket No. 23, filed August 14, 2011]** is **MOOT**.

**IT IS FURTHER ORDERED** that Defendants' motion for Attorney fees **[Docket No. 13 filed on April 8, 2011]** is **DENIED**.

                                        s/Denise Page Hood
                                        DENISE PAGE HOOD
DATED: September 30, 2011                United States District Judge


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 30, 2011, by electronic and/or ordinary mail.

                                        S/Julie Owens
                                        Case Manager, (313) 234-5160

14